FILED

AUG 23 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, HELENA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>-vs-<br><br>MIKEAL JAMES MAVRINAC,<br><br>Defendant. | CR 96-12-H-CCL-01<br>CR 96-15-H-CCL-01<br><br><br><br>ORDER |

*******

This Court referred the Petition for Revocation (Doc. 74)[1] for hearing, findings of fact, and recommendation to Magistrate Judge Keith Strong by order filed on July 22, 2011 (Doc. 80).[2] Now pending before the Court is the Report of Findings & Recommendations ("F&R") (Doc. 83) prepared by Magistrate Judge

---

[1] All document numbers relate to the docket entries in CR 96-15-H-CCL.

[2] See 18 U.S. C. §3401(i).

Keith Strong and filed on July 28, 2011. The Magistrate Judge recommends that this Court find that Defendant Mavrinac violated a condition of his supervised release, revoke the term of supervised release in CR 96-15-H-CCL, and impose a sentence of 3 months custody with no supervision to follow. No objection to the F&R has been filed by either party.

## I. Background

The following facts are taken from the F&R:

Defendant, Mr. Mavrinac, was convicted of Bank Robbery and Conveying False Information and was sentenced on August 13, 1996, by the Honorable Charles C. Lovell, Senior U.S. District Judge, to 64 months incarceration with three years supervised release. Mr. Mavrinac has a history of violations of the conditions of his supervised release, the majority of which are alcohol related. Most recently, Mr. Mavrinac began serving his term of supervision on July 15, 2011, and reported to U.S. Probation he had consumed alcohol on July 18, 2011 in violation of special condition 6 of his supervised release. Upon petition of the United States Probation Officer and his supervisor requesting Mr. Mavrinac's supervised release be revoked and upon a finding of probable cause to do so, the undersigned issued an arrest warrant for Mr. Mavrinac. (C.D. 75.) Judge Lovell referred the petition to the undersigned for hearing, findings, and recommendation on July 22, 2011. (C.D. 80).

2

(Doc. 83 at 1-2.)

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The district judge must review the magistrate judge's findings and recommendations de novo if objection is made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). If an objection is made, the court reviews de novo only the portion to which the objection was made, and the remainder is reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## III. Discussion

This Court agrees with Magistrate Judge Strong's finding that "Mr. Mavrinac violated [special] condition #6 of his supervised release by consuming

3

alcohol on July 17, 2011." (Doc. 83 at 3, ¶ 1.) The Court therefore finds by a preponderance of the evidence that Defendant violated a condition of his supervised release. *See* 18 U.S.C. § 3583(e)(3).

## IV. Revocation Determination and Sentence

Defendant's supervised release should be, and hereby is, revoked, and Defendant Mavrinac should be resentenced.

The Magistrate Judge notified the parties that the U.S.S.G. Chapter 7 guideline range is 3 months incarceration, following by no term of supervised release in CR 96-15-H-CCL and no term of incarceration for CR 96-12-H-CCL. Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by the Magistrate Judge are correct.

During allocution before Magistrate Judge Strong on July 26, 2011, Defendant Mavrinac "apologized for wasting the government's resources by again violating his supervised release, and stated that he intended to enter an alcohol rehabilitation program following his release." (Doc. 83 at 2-3.) Both parties were

4

informed by the Magistrate Judge that they could request further allocution before this Court. No request for further allocution has been made by either party.

Having considered the allocution of the Defendant and the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and all the record in this case, the Court finds that the appropriate sentence should be as recommended by Magistrate Judge Strong: a custody term of 3 months imprisonment followed by no term of supervised release to follow in CR 96-15-H-CCL and no term of custody in CR 96-12-H-CCL. The Court adopts Magistrate Judge Strong's Findings & Recommendations in full and shall enter Judgment accordingly.

The Clerk shall send a copy of this order to Magistrate Judge Keith Strong and the United States Probation Office.

Done and dated this 19 day of August, 2011.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE

5